IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SABRI IBRAHIM SAMIRAH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 03 C 1298 ) |
| ALBERTO GONZALES, Attorney General of the United States, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The Court of Appeals has denied the government's section 1292 petition and, therefore, the parties must proceed here. That led to plaintiff initiating discovery, including interrogatories, requests for production of documents, and the taking of depositions. The government responded by seeking a protective order or, alternatively, seeking to stay discovery pending the filing and adjudication of motions for summary judgment. That response led, in turn, to plaintiff's motion to compel. Plaintiff believes he needs discovery before dealing with any summary judgment issues. The government disagrees, contending that the issues are essentially legal. And, on this one, we agree with the government. Accordingly, we grant the motion for a protective order and deny the motion to compel.

Plaintiff characterizes what happened before as a ruling by this court that the revocation of advance parole violated his due process rights. That is not quite accurate. Rather, we concluded that plaintiff's long residence in this country entitled him to a hearing before any determination as to whether or not he should be excluded. That is essentially a legal issue, and it remains pending before this court through various theories we determined

had not been concluded by the Court of Appeals. But any hearing would be an administrative proceeding, not a hearing before this court. The discovery plaintiff seeks is largely related to the justification for exclusion, but that is a matter for exploration in the administrative hearing if one is provided. The justifications are, we believe, irrelevant to the issue of whether or not plaintiff is entitled to a hearing, and, if now pursued, would undoubtedly open up another set of issues – to what extent can the government refuse to provide information or to restrict its dissemination on the basis of privilege or national security, or the like.

What the government did and did not do has never been, so far as we can tell, a matter of dispute, and if there is something of that nature not yet part of the record, we are confident that the parties can agree upon any necessary stipulations. We think that the time has come to try to bring this to an end. If in the course of that effort there is some factual matter that has to be resolved, the parties can bring it to the court's attention. But we do not anticipate that will be necessary.

                                                                                               JAMES B. MORAN
                                                                                               Senior Judge, U. S. District Court

April 25, 2007.